## WELCH v. COMMERCIAL NAT. BANK OF MUSKOGEE et al.

No. 13440—Opinion Filed July 10, 1923.

(Syllabus.)

**1. Jury—Jury Trial—Waiver.**

Where the parties to an action make no request for a jury at any stage of the trial or prior to the commencement thereof, and submit their testimony to the court without a jury, no question of a jury trial having been raised upon the trial of the case, a jury will be considered waived.

**2. Judgment—Finality—Decision on Petition to Vacate—Jurisdiction.**

Where the petition to vacate a former judgment of the court was filed and the jurisdiction to render judgment was directly put in issue, judgment overruling petition which had become final is res judicata of the question of jurisdiction and could not again be litigated in another action.

**3. Same—Indians—Deeds—Action to Quiet Title.**

Where deed is taken to an Indian's lands during minority, and thereafter during her minority a suit is brought against her to quiet title to the lands contained in such deed, and a judgment rendered for the plaintiff quieting his title, and, after the minor reaches her majority, she files a petition to vacate judgment because of lack of jurisdiction in the court to enter judgment, and such petition is overruled and no appeal taken, this judgment is res judicata of the validity of the judgment and a bar to an action to set aside the deed and recover the land.

Error from District Court, Muskogee County: Guy F. Nelson, Judge.

Action by Susie Welch, nee Wolf, against the Commercial National Bank of Muskogee et al, to recover allotted land and to quiet title. Judgment for defendants, and plaintiff brings error. Affirmed.

John T. Cooper, for plaintiff in error.

Benj. Martin, W. K. Zachry, and Villard Martin, for defendants in error.

COCHRAN, J. This action was commenced in the superior court of Muskogee county to recover a portion of the lands allotted to plaintiff in error as a citizen of the Creek nation and to quiet plaintiff's title thereto. Upon the trial of the case judgment was rendered for the defendant in error, from which judgment this appeal has been prosecuted. The parties will hereinafter be referred to as plaintiff and defendants, as they appeared in the trial court.

The plaintiff alleges that the court erred in refusing to grant her a jury trial. An examination of the record fails to disclose that a jury was demanded. The plaintiff did file a motion for a continuance in which it was alleged that the cause was a jury cause and that there was no jury to try the case at that time, but no demand appears to have been made for a jury trial. The journal entry of judgment recites that a jury was waived and the cause was tried before the court without a jury.

The plaintiff was born May 23, 1894; on November 29, 1907, she executed a deed to Katherine Depuy; and on December 20, 1907, executed another deed to the same party. About June 28, 1909, she executed a deed to W. H. Wainwright. The defendants claim title under the above conveyances, and also by reason of a decree entered in case No. 1405 in the district court of Muskogee county on April 21, 1911, in an action brought by John W. Depuy to quiet his title to the land in controversy, also a judgment rendered in the district court of Muskogee county overruling a petition to vacate the judgment of April 21, 1911, and a judgment rendered on April 26, 1913, in the United States District Court for the Eastern District of Oklahoma, in an action brought by Susie Welch to recover the property in controversy herein.

It appears that the deeds which were executed by the plaintiff were executed during her minority, and must be held void unless that question had become res judicata by reason of the court proceedings above mentioned. These various judgments were properly pleaded by the defendants as adjudications by courts of competent jurisdiction of the matters herein involved. As to the judgment rendered April 21, 1911, plaintiff insists that the same is void under the decisions of this court in Tidal Oil Co. v. Flanagan, 87 Okla. 231, 209 Pac. 729, and Crow v. Hardridge, 73 Okla. 175, 175 Pac. 115; and as to the judgment rendered on the petition to vacate the judgment of April 21, 1911, it is contended that the same cannot give life to a void judgment; that the

judgment of April 21, 1911, being void, the overruling of a motion to set aside the judgment could not give life to it.

On December 17, 1913, when the petition to vacate the judgment was denied, the plaintiff was of full age and the court had jurisdiction of her person and of the subject-matter and authority to enter the particular order which was entered. So a judgment rendered at that time would not be invalid for the reasons assigned in Tidal Oil Co. v. Flanagan, supra, and other cases above cited. The only question for determination is whether a judgment rendered by the court on a petition to vacate a judgment is res judicata of the questions presented. This identical question was before this court in McDuffey v. Geiser Mfg. Co., 41 Okla. 488, 138 Pac. 1029. A portion of the syllabus is as follows:

"The question of jurisdiction over the defendant Geiser Manufacturing Company was by said defendant directly put in issue by its motion to vacate and set aside the former judgment of December 9, 1907. A hearing thereon being had, the motion was overruled, and the court's judgment became final. Held, in a subsequent trial between the same parties, concerning the same subject-matter, that the judgment so rendered was conclusive upon said defendant, and that the question of jurisdiction could not again be considered, though grounds therefor existed that were not before, but could have been, urged."

In the case at bar, the validity of the judgment of April 21, 1911, was attacked on all of the grounds which are now urged against the same, and the court denied the petition. This becomes res judicata as to the question of the validity of that judgment. There is no reason for saying that the judgment rendered in that court on the petition so presented would not be as final as to the questions presented and which were not appealed from as the judgment rendered by this court in this case. The plaintiff executed a deed to the lands in controversy, which the court found to be valid, and, thereafter, a court of competent jurisdiction. with full authority to act in the matter, adjudged that the former judgment was valid, and no appeal was taken. This was a judicial determination of the validity of the proceedings which cannot now be questioned. In these circumstances, it is our opinion that the trial court correctly entered judgment for the defendants.

As to the contention by the plaintiff that the attorneys appearing and filing the petition to vacate the judgment of April 21, 1911, appeared without authority from the plaintiff, the trial court found against this contention, and this finding is not clearly against the weight of the evidence, and, hence, the judgment will not be disturbed on that ground.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and KENNAMER, NICHOLSON, and MASON, JJ., concur.