### BUCY v. CORBIN et al.

No. 11655—Opinion Filed Dec. 19, 1923.

Rehearing Denied Feb. 19, 1924.

(Syllabus.)

**Infants—Validity of Judgment Quieting Title to Indian Land.**

The plaintiff, a Cherokee freedman, executed a deed to a portion of her allotment before she was 18 years of age in violation of the federal restriction. After arriving at her majority judgment was rendered by a court of competent jurisdiction, quieting title in plaintiff's grantee, and judgment disclosed that it was based upon a conclusion of the trial court that the void deed had been ratified by the allottee after she reached her majority. Held, that since the court had jurisdiction of the allottee and subject-matter, and jurisdiction to determine the particular question for determination in that case, there was no defect in jurisdiction, and the judgment was not void, although the trial court may have arrived at an erroneous conclusion of law in the case, and although such error may appear on the face of the judgment roll.

Error from District Court, Washington County; Preston A. Shinn, Judge.

Action by C. J. Bucy against Caroline Corbin, nee Martin, and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

Rowland & Talbott, for plaintiff in error.

Shea & Shea and Paul Pinson, for defendants in error.

COCHRAN, C. This suit was instituted by the plaintiff in error against the defendants in error for the recovery of 40 acres of land. The trial court sustained a general demurrer to plaintiff's petition, and, the plaintiff having elected to stand upon his petition, the same was dismissed, and from the judgment so rendered the plaintiff in error has appealed. The parties will hereinafter be referred to as they appeared in the trial court.

The land in controversy was allotted to Caroline Martin, a Cherokee freedman, and prior to the time the allottee became 18 years of age, she executed a deed to the land in controversy to H. A. Beasley. Beasley thereafter executed a deed to that land to Parr and Overlees. After becoming 18 years of age, the allottee executed a deed to the land in controversy and other lands to one Lamb, and thereafter filed a suit in the district court of Washington county, seeking to cancel the deed to Lamb, alleging that the same had been procured through fraud. Parr and Overlees intervened in this action, alleging that they were the owners of the 40 acres in controversy here. The allottee filed an amended petition, in which she admitted receiving the consideration for the conveyance to Beasley, and in which she ratified and confirmed the deed and disclaimed any interest therein. During a trial of the case, the trial court found generally in favor of the interveners for the 40 acres of land on the ground that the allottee had ratified and confirmed the void deed after she arrived at her majority, and rendered judgment for the interveners. Thereafter the interveners deeded the land to Bucy.

It is the contention of the defendants in error that the judgment is void, because it shows on its face that the trial court based its judgment upon the ratification and confirmation of a void deed executed in violation of federal restrictions, and that the judgment appears on its face to be one which the court had no jurisdiction to render. It is immaterial to the determination of this case whether the allottee, upon arriving at her majority, could legally ratify and confirm a deed executed during her minority, or whether the facts were sufficient to show a ratification or adoption thereof. For the purpose of this case, it may be conceded that the deed executed by the allottee to Beasley was void, and that the same was not capable of ratification or adoption, or, if capable of ratification or adoption, that the acts of the allottee after she arrived at her majority amounted to neither a ratification nor adoption, yet it does not follow that the judgment rendered by the district court of Washington county was void. Those very questions were matters which were properly submitted to the jurisdiction of the district court of Washington county for its determination. At the time the judg-

ment was rendered, the allottee was an adult and she stood before the court as any other citizen and with no more and no less rights in that court than any other citizen. The court had jurisdiction of the person of the allottee and jurisdiction of the subject-matter of the suit and had jurisdiction to determine the particular question for determination in that case, viz., whether the void deed was subject to ratification, and, if so, whether it had been ratified. The court exercised this jurisdiction and rendered its judgment holding that the deed was subject to ratification and that the evidence showed that there had been a ratification thereof. In the rendition of this judgment there was no defect of jurisdiction. Any error' which may have resulted was an error of law which could be corrected on appeal, but was not a defect of jurisdiction rendering the judgment void. The opinion of this court in Welch v. Commercial National Bank, 90 Okla. 221, 217 Pac. 476, involved the identical question presented in the instant case. Counsel for the defendants seek to distinguish that 'case by saying that in the instant case the invalidity of the judgment appears on the face of the judgment roll, and in the case of Welch v. Commercial National Bank, supra, it did not so appear. No such distinction can be made in the two cases. In the Welch v. Commercial National Bank Case, the judgment roll showed that the judgment rendered was based upon an erroneous conclusion of the trial court sustaining a previous invalid judgment, which in turn had sustained a void deed. The fact that the erroneous conclusion appeared on the face of the judgment roll does not in any manner change the conclusion, because our conclusion is based upon the fact that the judgment so rendered was not invalid, there being no jurisdictional defect, the defect complained of being an error of law and not a jurisdictional defect.

We are of the opinion that the demurrer to the petition was improperly sustained, and that the judgment of the trial court should be reversed and cause remanded, with directions to overrule demurrer and proceed further in accordance with the view herein expressed, and it is so ordered.

JOHNSON, C. J., and McNEILL, KENNAMER, BRANSON, and HARRISON, JJ., concur.