ABRAHAM et al. v. HOMER.

No. 12466—Opinion Filed April, 8, 1924.

Rehearing Denied April 29, 1924.

(Syllabus.)

1. Judgment—"Jurisdictional Facts."

Facts showing the service of process, facts showing that the matter involved in a suit constitutes a subject-matter consigned by law to the jurisdiction of the court, and facts showing that a particular judgment is rendered in compliance with all existing mandatory law in that regard are known as jurisdictional facts. See paragraph 5 of opinion.

2. Same—"Quasi Jurisdictional Facts" — Collateral Attack.

Facts which are not jurisdictional facts, and which do not constitute a part of the cause of action, but which are necessary to set the judicial wheels in motion and to entitle the court to proceed with the exercise of admitted jurisdiction, are known as quasi jurisdictional facts. When those facts are adjudicated by a court possessing the three necessary elements of jurisdiction, such adjudication, in the absence of fraud, is not open to collateral attack. See paragraph 10 of opinion.

3. Same—Guardian and Ward — Sale of Ward's Real Estate.

In the rendition by the county court of a judgment ordering the sale of a minor's real estate, facts showing the investment to be made of the proceeds of such sale are neith-er jurisdictional nor quasi jurisdictional facts, but relate solely to the existence of a cause of action for such sale.

4. Judgment—Collateral Attack—Scope of Inquiry.

On collateral attack against the judgment of a court of record, when fraud is absent and all necessary jurisdictional facts existed in the court rendering the judgment attacked, the court on such collateral attack has no right to inquire, determine, and adjudge as to the existence in the original action of quasi jurisdictional facts or facts constituting a cause of action, and this is true even though upon the face of such judgment itself it appears that the court in the original action had erred both in fact and in law as to the existence of such facts and the right of the parties to the relief granted. See paragraph 13 of opinion.

5. Same—Jurisdiction—Defective Pleading and Proof.

It is not material to the jurisdiction of the court that a cause of action be either pleaded or proven. Although the facts stated in a petition be not merely insufficiently or defectively pleaded, but both in form and substance wholly fail to constitute a cause of action, the court is not solely by reason thereof deprived of jurisdiction over the subject-matter or of the jurisdiction to render a judgment granting such relief as otherwise it may be within the jurisdiction of the court to render. See paragraph 21 of opinion.

6. Guardian and Ward—Sale of Real Estate—Discretion of Court.

"If, after a full examination, it appears necessary or for the benefit of the ward that his real estate or some part thereof be sold, the county court may grant an order therefor," and the determination of what facts are sufficient to constitute such necessity or make such sale beneficial to the ward is within the sound legal discretion of the county court without limitation to the causes specified in sections 1466 and 1467, Compiled Oklahoma Statutes, 1921.

Error from District Court, Creek County; Mark L. Bozarth, Judge.

Action by Emmett Homer against Fannie Abraham and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with instructions to dismiss.

Cheatham & Beaver and Everest, Vaught & Brewer, for plaintiffs in error.

R. L. Wilkinson, F. F. Betzer, and C. T. Huddleston, for defendant in error.

LYDICK, J. 1. Emmett Homer, defendant in error, brought an action in ejectment coupled with a cause of action seeking the relief of a court of equity to quiet title. Same was brought in the district court of

Creek county, against Fannie Abraham, Joe Abraham, Continental Refining Company, a corporation, and K. Wasaff, as defendants, and they are the plaintiffs in error here. The parties will be referred to in this opinion according to the position they occupied in the lower court. The suit was to set aside a guardian's deed and constituted a collateral attack upon the judgment of the county court of Creek county, rendered and entered by the county court in the matter of the guardianship of Emmett Homer, a minor, and wherein the county court ordered and confirmed the sale of certain real estate within the jurisdiction of that court and constituting a part of the estate of the said minor, the sale having been made unto one Joe Abraham. The title and interest of all the defendants rested upon the validity of the said guardian's deed. The lower court rendered judgment in favor of the plaintiff, holding that the guardian's deed was absolutely void. The defendants bring the case here on appeal by petition in error with case-made attached.

2. The guardian's petition, filed in the county court, wherein he sought and obtained the order of the county court to sell this real estate, in so far as it related to the reasons for the sale and relief sought, read as follows, to wit:

"That it is to the ward's interest that the hereinafter described portion of said real estate should be sold for the following reasons, to wit: Investment in other lands."

"Wherefore, petitioner prays the court that upon hearing had herein he be authorized to sell of said real estate at public or private sale as shall be deemed most beneficial and for the best interest of said ward."

The county court's decree for the sale of this real estate by the guardian recited, among other things, that:

"Upon due consideration of the proofs offered in said matter, the court finds that the sale of all the real estate belonging to said ward mentioned in said petition and hereinafter described, is necessary for the purpose of reinvestment in other lands, and is for the best interest of said ward."

"It is therefore adjudged and decreed by the court that the said James Miller as guardian of the estate of the above named ward be and is hereby authorized and directed to sell in one parcel or in separate parcels or subdivision as the said guardian shall judge most beneficial to said estate at private sale to the highest bidder, the following described real estate, to wit: The southwest quarter of section 2, township 15, range 9, Creek county, Okla., on the following terms, to wit: cash in hand to guardian on

confirmation of sale by judge of the county court of Creek county."

Then follows therein the part of the decree which orders the sale to be advertised and an additional bond given, but no further reference is made therein to the investment of the proceeds of the sale.

3. The plaintiff admits that the guardianship proceedings of this minor were lawfully and properly pending before the county court of Creek county; that the guardian had been duly and lawfully appointed and qualified and was lawfully acting in such capacity; that the land was located in Creek county and was lawfully within the jurisdiction of the county court in these proceedings; that the court had full jurisdiction of the person of all parties interested; that the proceedings by which the land was sold and confirmed and the guardian's deed executed were had in all respects according to law, except as follows: Plaintiff claims the petition for the sale failed to state a cause of action for a sale and affirmatively upon its face showed that no cause of action existed for the sale. He also claims that the order of sale is illegal, because it orders the land sold for the purpose of reinvesting the proceeds of the sale in other lands, a purpose which he claims is not provided by law. Jurisdiction of the county court over the person is admitted. No fraud is charged or relied upon. It is admitted and the court holds that the attack here made upon the judgment of the county court is a collateral attack. The question necessary to be considered here is one of law, viz., a determination of the jurisdiction of the county court to render the particular judgment ordering the sale of the land in controversy.

4. What are jurisdictional facts, and do facts showing the investment to be made of the proceeds of a sale of a minor's real estate constitute jurisdictional facts?

5. Jurisdiction over the person, jurisdiction over the subject-matter, and jurisdiction to render the particular judgment are three separate elements of the jurisdiction of a court. Each element of jurisdiction is dependent upon both law and fact. Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person. Facts showing that the matter involved in a suit constitutes a subject-matter consigned by law to the jurisdiction of that court are essential to jurisdiction over the subject-matter of the suit. Facts showing that a particular judgment is rendered in compli-

ance with all existing mandatory law in that regard are essential to jurisdiction to render particular judgment. All such facts are known as jurisdictional facts. See Morgan v. Karcher et al., 81 Okla. 210, 197 Pac. 433; Milton Burris et al. v. Straughn et al., vol. 23, Appellate Court Reporter, page 64, decided July 10, 1923 (pending on rehearing); Freeman on Judgments, sec. 120. See Noble v. Union River Logging R. Co., 147 U. S. 165, 37 L. Ed. 126; United States v. Morse, 218 U. S. 493, 31 Sup. Ct. Rep. 37, 54 L. Ed. 1123, 21 Ann. Cas. 782; Grignon's Lessees v. Astor, 2 How. 319, 11 L. Ed. 283; Mohr v. Manierre, 101 U. S. 417, 25 L. Ed. 1052.

6. We submit the following illustrations and examples of jurisdictional facts. It is necessary that the facts show that process has been served within the state upon the defendant in order to give the court jurisdiction over the person. It is necessary for the facts to show the seizure and possession of the res within the state in a proceeding in rem. The facts must show publication in accordance with the statutes where it is sought to hold the property of an absent defendant. These facts are necessary to the jurisdiction of the court over the person.

7. In the administration of an estate as the estate of a deceased, it is necessary for the facts to be that the owner of the estate is actually dead. Though the records show the court found the owner of the estate to be dead, yet, nevertheless, if it afterwards developed that he was alive, then the actual facts show the subject-matter of the suit to have been the estate of a living person and not the estate of a decedent. In court-martial proceedings it is necessary for the facts to show that the person being tried was actually in the military or naval service, or else the subject-matter involved will not be within the jurisdiction of the military court, regardless of the merits of the controversy concerning his guilt. These are jurisdictional facts relating to the jurisdiction over the subject-matter.

8. Applicable to the probate court, we often find mandatory statutes which provide that though facts may be presented to the court with jurisdiction over the person and the subject-matter, justifying the court to order real estate of the deceased or of a minor to be sold, and although such an order may have been lawfully made, it may be provided that such sale cannot be confirmed unless the purchase price be equal to a given percentage of the appraised value.

In that event, facts showing such appraisement in accordance with the mandatory law relate rather to the power of the court to render a judgment of confirmation than to a mere course of procedure, as the result of the appraisement inheres in the judgment itself. Whenever by a statute which the court has determined to be not merely directory, but absolutely mandatory, the Legislature has required acts to be done and provides that the court shall not render a particular judgment without facts showing compliance with such statute, then such facts are jurisdictional to the power of the court to render that particular judgment.

9. We now answer the question which we propounded in paragraph 4 of this opinion, and hold that facts showing the investment to be made of the proceeds of the sale of a minor's real estate are not jurisdictional facts. We now inquire what are quasi jurisdictional facts, and if such facts recited be quasi jurisdictional, and as such are insufficient, does that make void on collateral attack the judgment of the county court based thereon?

10. Although in a suit the court has jurisdiction over the person and has assumed the existence of the jurisdictional facts, it cannot voluntarily set its judicial wheels in motion. In most cases, the law applicable requires that before a court determine the existence of a cause of action and determines to grant relief and to so order, there must exist certain other facts neither jurisdictional nor forming a part of a cause of action; it is always required that a party to a suit petition the court to act and grant relief of the general nature which it adjudges and orders. In probate proceedings the law usually provides that a minor must be a resident of the county where the guardianship proceedings are instituted. The deceased must have been a resident of the county where administration proceedings are begun. All such facts not constituting proof of the existence of the subject-matter, nor of the cause of action, but conditions precedent to the right of the court to proceed after it has acquired jurisdiction over the subject-matter and of the person, are known as quasi jurisdictional facts. Their existence the court does not merely assume, but adjudicates, for its jurisdiction to so do is created by the law and the jurisdictional facts. It is usually of no great importance to distinguish whether a given fact is a quasi jurisdictional fact or a fact constituting a part of a cause of action, because the court, otherwise with jurisdiction, has the same power to adjudge the existence of the form-

er as it has of a cause of action, and its adjudication in neither regard is subject to collateral attack, even when the error of the adjudication is apparent upon the face of the record. On the making of proper distinction between quasi jurisdictional facts and jurisdictional facts often rests the determination of the validity of a judgment.

11. When a court has acquired jurisdiction over the person and the subject-matter, the case is usually required to proceed step by step to a more distant point, where it may make an adjudication and grant relief. In probate cases a proceeding for a sale of real estate is a distinct and independent proceeding although had in the general cause of administration. See Comstock v. Crawford, 18 L. Ed. (U. S.) 37. Those steps are provided by law and constitute a course of procedure. If the lawmakers in providing the method of such steps had in mind only an advisable manner of orderly advancement and had not in mind the nature of the judgment to be rendered when the course was run, then such statutes are usually regarded as directory, and will be considered only in determining the procedure, and are entitled to no consideration in determining the judicial power of the court to render a judgment. Facts showing compliance with such statutes are clearly quasi jurisdictional only and not subject to consideration in collateral attack. On the other hand, if it appears that in the enactment of such statute the lawmakers, while providing a step in the procedure, had uppermost in mind the effect of such a step upon the judgment thereafter to be rendered. and intended the taking of such step in the procedure as a condition precedent to the existence of the judicial power of a court to thereafter render the particular judgment, then such facts, while in a sense being quasi jurisdictional, are clearly jurisdictional facts, necessary to the existence of the third element of jurisdiction. Such statute is a mandatory one. A directory statute of procedure, such as is above considered, has no direct relation to the substance of the adjudication to be made, while compliance with the mandatory statute above illustrated reaches into the power of the court to render the decree, and the result of such compliance inheres in such decree as a material and substantial part of the judgment itself. If by statute the lawmakers provide that notice shall be posted of the time when a county court shall hear the petition of a guardian to sell his ward's real estate, and the court has already acquired jurisdiction over the person and subject-matter, and over the special proceedings

there being had, why, such statute has naught to do with the substance of the judgment which the court will thereafter render and the statute is one of procedure only. But where a statute requires that the land to be sold must be appraised and that the court shall not confirm a sale thereof for less than a given per cent. of the appraised value of the land, then such appraisement, while being a step in the course of procedure, creates a result that inheres in the material substance of the judgment. Facts showing compliance with such mandatory statute are evidently intended by the lawmakers as material to the existence of the power of the court to render the judgment confirming the sale and are jurisdictional facts.

12. In a federal court the fact that there is a diversity of citizenship, or that the amount of the controversy reaches the jurisdictional amount is quasi jurisdictional. Other illustrations in such a court are that the amount of the indebtedness of petitioning debtor is within the amount prescribed by law. In probate matters where the law provides that the estate of a decedent shall be sold where the personal property is insufficient to pay the debts of the deceased, then facts showing such indebtedness are quasi jurisdictional. Where in probate proceedings the law requires that the estate shall not be sold if all the heirs are minors, then facts showing that one or more of them had reached the age of majority are quasi jurisdictional. Generally speaking, quasi jurisdictional facts are those which do not constitute proof of the existence of the subject-matter on the one hand and do not constitute proof of a cause of action on the other, but are preliminary facts required to exist in order to authorize the court to proceed and to act.

13. On collateral attack against the judgment of a court of record when fraud is absent and all necessary jurisdictional facts existed in the court rendering the judgment attacked, the court on such collateral attack has no right to inquire, determine, and adjudge as to the existence in the original action of quasi jurisdictional facts or facts constituting a cause of action, and this is true even though upon the face of such judgment itself, it appears that the court, in the original action, had erred both in fact and in law as to the existence of such facts and the right of the parties to the relief granted.

14. The reason supporting the rule that on collateral attack inquiry cannot be had

into the correctness of the court's judgment that quasi jurisdictional facts exist is the same reason supporting a similar rule as to the pleading and proof of a cause of action. This rule we hereinafter discuss.

15. We now answer the question which we propounded in paragraph 8 of this opinion, and hold that facts showing the investment to be made of the proceeds of the sale of a minor's real estate are not quasi jurisdictional facts, and if they are quasi jurisdictional and as such are insufficient, the judgment of the county court based thereon is not void on collateral attack on that ground. We now inquire whether such facts relate to the existence of a cause of action, and if insufficient as such, is the judgment of the county court based thereon void on collateral attack on that ground?

16. A cause of action is a "matter for which an action may be brought", or "that which produces or affects the result complained of", or "which produces the necessity for bringing action." See Bouvier's Law Dictionary, and vol. 1, Words & Phrases (2nd Ed.) 601. With jurisdictional facts lawfully assumed, and quasi jurisdictional facts adjudged to exist, the court in the exercise of its judicial power over the subject-matter and with authority to proceed, first inquires into, considers, and determines whether facts entitling the parties to any relief is either pleaded or proven. Such facts constitute a cause of action. This it has the power to do, and that power includes the power to decide that the facts pleaded and proven do constitute a cause of action and thereupon to grant relief. It also includes the power to adjudge that the facts pleaded do not constitute a cause of action and to dismiss the cause with prejudice and thereby effectively bar the petitioner from being able to thereafter obtain relief upon the same asserted cause of action. By such judgment of dismissal the petitioner is thereafter barred from seeking further relief in this asserted cause, even though through mere neglect he had failed to insert in his petition facts actually existing and which if pleaded with the other facts recited therein would have constituted a cause of action on which he was entitled to relief. As the court had the judicial power to determine whether the facts pleaded constituted a cause of action, its judgment is effective and binding unless set aside on appeal. Giving such effect to such a judgment precludes serious consideration of the suggestion of a rule that the court's jurisdiction is dependent upon facts constituting a cause of action being set out in the petition. Such a

rule would require the creature to exist before the creator, because here the judicial power already acquired is the creator which creates the adjudication that the facts constitute a cause of action. If the facts pleaded must constitute a cause of action before the court has jurisdiction, then who is to determine that fact? If the pleaded facts must constitute a cause of action before the court has jurisdiction, then the rule would require such a determination to be made before the court has jurisdiction to make it. If such be the rule, then when the pleaded facts did not constitute a cause of action, the court would never have power to dismiss a case with prejudice on that ground, an important judicial function necessary to be frequently performed and one which this court has always recognized.

17. Unless this is the rule, whither would we go? In the interpretation of the law applicable to a given state of facts, different courts frequently disagree as to the proper conclusion to be reached. The petition is a part of the record and available for consideration in case of a collateral attack. A judgment may be obtained in a given case and become final by failure of the judgment debtor to appeal. If when the petition does not contain facts sufficient to constitute a cause of action, the judgment rendered thereon is void, then the judgment creditor can never know whether he has a valid judgment when attacked in another court collaterally on that ground, for no lapse of time nor acts of the parties can make it valid. The judgment debtor himself will never know that the judgment is void when so held in a collateral attack in another court on the ground above named, because when either the first or second judgment is attacked in some third court, a contrary holding would occur if the third court interpreted the law so as to make the facts stated in the first court in its opinion constitute a cause of action, or if the third court held that the facts pleaded in the second court did not constitute a cause of action—a judgment valid here and void there, good one day and bad the next, and never certain. A litigant would be driven from pillar to post. and idle mockery made of the sacredness of our judicial decrees. It follows, therefore, that neither the failure to plead, or to prove by the evidence, facts sufficient to constitute a cause of action deprives the court of the jurisdiction over the subject-matter involved in the action or of the judicial power to render a particular judgment therein. if otherwise such power exists. Likewise this judicial power to de-

termine whether the facts pleaded or proven constitute a cause of action includes the power to decide the question in either the affirmative or negative, to decide it right or to decide it wrong. Although the judgment upon its face shows that the court erred in its findings of fact and that its conclusions of law as to what constitutes a cause of action are absolutely erroneous, the judgment is nevertheless effective and binding until set aside on appeal. No other court has jurisdiction on collateral attack to set aside a judgment of another court on the mere holding that the court erred in making findings of fact or conclusions of law within its judicial power to make.

18. This rule has been announced by this court in Chivers v. Board of County Commissioners, 62 Okla. 2, 161 Pac. 822, where numerous authorities are quoted in its support and the rule most ably argued and defended. It was followed in Welch v. Focht, 67 Okla. 275, 171 Pac. 730, in another able analysis. Again in Wagner et al. v. Lucas, 79 Okla. 231, 193 Pac. 421, the rule was announced. It was again followed by this court in the case of Tiger v. Drumright, 95 Okla. 174, 217 Pac. 453, and in some of these cases numerous other decisions of this court are cited in support thereof. While in some of the earlier decisions of the court a contrary leaning is noticed, the foregoing decisions of this court holding to this rule as here announced have never been overruled. In the case of Dosar v. Hummell, where no brief was filed by the party to whose interest it was to adhere to such rule, a contrary rule was announced, the attention of the court not having been called to the former opinions of this court. Adhering to the rule which we have announced, we expressly overrule the case of Dosar v. Hummell, supra, in so far as it announces a rule to the contrary. In the case of Bucy v. Corbin, 101 Okla. 124, 223 Pac. 134, a rule relative to this point and going further was announced, which it is well to note here. There this court held that even though the allegations of the petition affirmatively showed upon their face that the plaintiff had no cause of action, and even though the judgment upon its face showed that no cause of action had been proven, and the facts recited in the judgment itself conclusively showed that no cause of action existed, nevertheless the conclusion of the trial court to the contrary was an error of law which the court had the jurisdictional power to make, and which a court on collateral attack was without jurisdiction to disturb.

19. The county court is a court of record and of general jurisdiction of the probate of the estates of the deceased, minors, and incompetents, and to the validity of its judgments within the scope of matters of probate there is indulged every possible presumption accorded generally to courts of general jurisdiction. See sections 11, 12, and 13, art. 7, Oklahoma Constitution; section 1079, Compiled Oklahoma Statutes 1921; In re Estate of Green, 80 Okla. 256, 196 Pac. 128; See, also, Hathaway et al. v. Hoffman, 53 Okla. 72, 153 Pac. 184; Scott v. Abraham, 60 Okla. 10, 159 Pac. 270; King v. Mitchell, 69 Okla. 207, 171 Pac. 725; Tucker v. Leonard, 76 Okla. 16, 183 Pac. 907; Vinson v. Cook, 76 Okla. 46, 184 Pac. 97. See 12 R. C. L. 1126; Beatty v. Wintrode Land Co., 53 Okla. 118, 155 Pac. 574.

20. There is such material difference in the constitutional and statutory provisions of the various states in relation to their courts of probate that opinions of those courts are often more confusing than instructive. In the case of Morse v. U. S., 54 L. Ed. at page 1128, Mr. Justice Lurton, speaking for the Supreme Court of the United States on the point before us and in reference to a court with no greater jurisdiction than our county court, held that:

"If the court * * * had jurisdiction under any circumstances to sell the real estate of minors for reinvestment, it had the jurisdiction to examine and determine whether the particular application was within or beyond its authority. To do this was jurisdiction. If it errs, its judgment is reversible by proper appellate procedure. But its judgment, until it is corrected, is a judgment and cannot be regarded as a nullity."

21. We now answer the question propounded in paragraph 15 of this opinion, and hold that facts showing the investment to be made of the proceeds of the sale of a minor's real estate are facts relating to a cause of action, but that it is not material to the jurisdiction of the court that a cause of action be either pleaded or proven. Although the facts stated in a petition be not merely insufficiently or defectively pleaded, but both in form and substance wholly fail to constitute a cause of action, the court is not solely by reason thereof deprived of jurisdiction over the subject-matter or of jurisdiction to render a judgment granting such relief as otherwise it may be within the jurisdiction of the court to render.

22. We now inquire whether under our statutes the statement in a petition for the sale of a minor's real estate that it is for the best interest of a minor to sell his real

estate and invest the proceeds thereof in other real estate, is sufficient to constitute a cause of action for such sale. It is provided in section 1476, Comp. Stat. 1921, that same may be sold in case "it appears necessary or for the benefit of the ward." No limitations other than the natural interpretation of these words appear in the statute. These provisions must be construed and interpreted in connection with sections 1466 and 1467, Comp. Stats. 1921. There it is provided that such real estate may be sold, first, when of necessity the proceeds should be used for maintenance and education, and second, when expedient for investments therein named. All these provisions of sections 1466, 1467, and 1476, in turn must be construed and interpreted in connection with the provisions of section 1482, Comp. Stats. 1921, where it is provided that "the county court * * * may require the guardian to invest the proceeds of sales in real estate or in any other manner most to the interest of all concerned therein." If without doing violence to the language, we can give all four of these sections a construction harmonizing them with each other, and permit each section and phrase therein to remain effective and serve some useful intended purpose, it is our duty so to do under all recognized rules of statutory construction.

23. Under our statutes, the causes of action expressly provided by the statutes themselves, constituting grounds for the sale of a minor's personal estate, are identical with the grounds and reasons therein provided for the sale of a minor's real estate, and in so far as is concerned the necessity or intended use of the proceeds of the sale, reasons for selling the one constitute fully as well statutory reasons authorizing the sale of the other. Therefore, if a minor's real estate can be sold only for the purposes specified in sections 1466 and 1467, supra, then personal estate can be sold for those purposes only, and neither can be sold for the purpose of investing "in real estate" as is specifically authorized by section 1482, supra, or for the purpose of investment in any other manner most to the interest of all concerned therein, as is also recited therein. Such a construction of section 1476 would leave lifeless and meaningless the phrase contained in section 1482, supra, authorizing the "proceeds of sales" to be invested in real estate. This is true because, under such a construction, there could be no sales of any kind where the proceeds would be available for such purpose. This would be the result unless we hold it to have been the absurd intention of the lawmakers to say to a county court. "You cannot sell either

personal or real estate to buy other real estate, but you can sell same for another purpose and then forthwith disregard and disobey your solemn judgment to that effect and buy real estate with the proceeds of the sale if you desire so to do." It is our opinion that the lawmakers intended to affirmatively declare that facts provided in sections 1466 and 1467, supra, should constitute causes of action for the sale of both personal and real estate of a minor, and that any other facts which in the language of section 1476, to the county court make it appear "necessary or for the benefit of the ward", should constitute additional causes sufficient to authorize such a sale. There is no recital in section 1466 or 1467 that the causes for sale of real estate should be exclusive of all other causes, and construing the whole act together, the contrary intention appears. This theory is given further support by section 1471, Comp. Stats. 1921, where it is provided that when a petition for an order of sale is filed, the court must order a hearing thereon if it appears "to the court, from the petition that it is necessary or would be beneficial to the ward that the real or personal estate, or some part of it, should be sold." Had the lawmakers intended to limit the sale to the causes contained in sections 1466 and 1467, supra, they could have well used more appropriate expressions than these.

24. Further support is given to our theory by the provisions of section 1468, Comp. Stats. 1921, where the guardian is directed as to the use of the proceeds of a sale. There it is provided that "if the property is sold for the purposes mentioned in the two preceding sections," the guardian must apply the proceeds as directed in that section, but this is also subject to the next succeeding section authorizing different uses. By specially limiting the section to causes for sale specified in the two preceding sections, it would appear they had in mind that there were other provisions providing other causes for sales. If the lawmakers had intended that a minor's estate could be sold only for the purposes stated in said two preceding sections, then they should have omitted the quoted phrase, and merely said that a guardian should invest the proceeds according to the purposes stated in the order of sale. We want to give the quoted phrase some useful intended purpose, and we are therefore of the opinion that the lawmakers believed they were providing causes for a sale not contained in said two preceding sections—causes where the use of the proceeds would form no part of the cause

for the sale and where the order of sale would contain no finding of an intended use of the proceeds at the time the sale was ordered. In such cases the provisions of section 1468 would have no application, and for that reason the lawmakers expressly limited its application to cases included in the two preceding sections, where the use of the proceeds would necessarily be the causes of the sale and it would be so declared in the order of sale itself.

25. Our theory is given further support by section 1476, supra, where it is provided that in the order of sale the court shall recite "the causes or reasons why the sale is necessary." It is not required to recite the purpose for which the proceeds shall be used, and yet the intended uses of the proceeds are the only causes for sale included in sections 1466 and 1467, supra. Unless our theory is correct, the lawmakers intended that no matter if a minor's real estate on a side hill was wasting away and produced a rental insufficient to pay the taxes, and although an offer was received by which it could be sold for double its value, the facts could constitute no grounds for the sale of the real estate, unless at the time the petition was filed it was first determined as a condition precedent that the use of the proceeds of the sale would be limited without further reflection to an investment or use in the manner provided in sections 1466 and 1467, and to the exclusion of the uses expressly authorized by section 1482, supra. In this line of reasoning we cannot concur.

26. Text-writers have often said that the power of a probate court to sell a minor's personal estate is more liberally construed and extended than is its power to sell the minor's real estate. We often find it so provided by statute, but it does not so appear in this state. By section 1467, supra, we specifically authorize the sale of real estate to buy personal property. No reason exists for saying that our lawmakers intended to more rigidly limit the power of the county court as to real estate than as to personal estate. If such be the intention, why should it be said that the law favors investment of the proceeds of sales in personal property, less favored by the rule itself, than investment in real estate, the alienation of which the rule itself so sacredly guards? Investments in real estate are usually considered among the safest and best. They are not malum in se, and as the intent of the lawmakers does not clearly appear to the contrary, we refuse to make them malum prohibitum.

27. In the case of Cabin Valley M. Co. v. Hall, 53 Okla. 760, 155 Pac. 570, Mr. Justice Hardy, speaking for this court, held that the county court is one of general jurisdiction over the estates of minors and has the same authority to grant relief in such matters as fully as was formerly administered by the courts of equity. He quoted with approval from Gibson's Suit in Chancery, paragraph 970, to the effect that whenever it was necessary for the welfare of an infant, the county court could convert his realty into personalty. This case, in our opinion, is sufficient authority alone for holding that the facts stated in the petition filed in the county court constituted a cause of action for such sale. In the note to the case of Schmidt v. Shayer, 89 Am. St. Rep. 311, and in the case of U. S. v. Morse, 65 L. Ed. (U. S.) at page 1128, and in the texts and cyclopedias generally are cited many cases holding that a court like our county court has the inherent power to sell a minor's real estate when it deems it to be beneficial for the minor so to do, even though no specific statutory ground exists. Always there appear cited many cases holding to the contrary. We have based our conclusion largely upon the theory that under our statutes themselves the county court is given authority to sell a minor's real estate when it believes same for the best interests of the minor. We have failed to find any cases squarely in point from California or Dakota, although some cases are found in California with a leaning to the contrary from our conclusion.

28. In the language of section 1476, Comp. Stats. 1921, we hold that "if after a full examination, it appears necessary, or for the benefit of the ward that his real estate or some part thereof should be sold, the court may grant an order therefor," and we further hold that the determination of whether the facts presented to the county court are sufficient to constitute proof that it is so necessary or beneficial is within the sound legal discretion of the county court without limitation to the causes specified in sections 1466 and 1467, supra. Minors must be protected from fraud, but none appears here. No claim is asserted that this minor failed to obtain full value for his real estate so sold or that the investment of the proceeds was not to his benefit. In fact, we cannot know that the proceeds of this sale were even invested in real estate, for, under statutory authority, the guardian may have obtained leave of court and used these proceeds in the making of investments specified in the statute or may have used same

for the education and support of the ward himself. The ward is entitled, we admit, to enforce the letter of the law in his own interest no matter though it be harsh. However, if the courts go too far, and too often, in setting aside guardians' deeds in cases like this, where the relief sought is based on technical grounds not only wholly lacking in merit appealing to the conscience, but producing a result affirmatively appearing harsh, unfair, and unjust, then titles acquired at guardians' sales will soon come into such bad repute that they can be sold only at such a sacrifice price that minors generally will suffer great loss due to the enforced deterioration of the market value of their estates.

Finding the deed involved in this case to be valid, we hold that Emmett Homer, plaintiff in the court below, is not entitled to recover in this action, and that the judgment of the lower court to the contrary is erroneous. The judgment of the lower court is therefore reversed, and the case remanded to the district court of Creek county. with instructions to vacate the judgment rendered by it in this cause and to dismiss the plaintiff's case with prejudice.

JOHNSON, C. J., and McNEILL, NICHOLSON, COCHRAN, BRANSON, HARRISON, MASON, and WARREN, JJ., concur.