## WELCH v. COMMERCIAL NAT. BANK et al.

No. 17793. Opinion Filed Dec. 24, 1928.

John T. Cooper, Bower Broaddus, and C. A. Ambrister, for plaintiff in error.

Benj. Martin and Villard Martin, for defendants in error.

HERR, C. This is an action by Susie Welch, nee Wolfe, against Commercial National Bank of Muskogee and others to recover the possession of 120 acres of land located in Muskogee county. The land constituted a portion of her allotment. There was judgment for defendants on the pleadings. Plaintiff appeals.

It appears from the pleadings that, on November 29, 1907, plaintiff deeded the land in question to Katherine M. Depuy, and that on January 29, 1908, a second deed, in which her husband joined, was by her executed to the said Katherine M. Depuy. It is alleged that plaintiff was a minor at the time these deeds were executed, and that the same were therefore void. Defendants, as shown by the pleadings, claim through plaintiff's grantee, Depuy.

It is further alleged that on April 21, 1911, judgment was rendered in the district court of Muskogee county, quieting title in and to said premises in Depuy; that on June 27, 1913, plaintiff, having then obtained her majority, filed her motion in the district court of Muskogee county to vacate said judgment on the ground that the same was void. This motion was, by the court, denied. No appeal was taken therefrom.

On March 22, 1921, the plaintiff brought suit in the district court of Muskogee county to recover the land in question. Defendant pleaded the former judgments herein mentioned, as bar to such action. The trial court held with the defendants. The judgment was, on appeal, affirmed by this court. Welch v. Commercial Nat. Bank of Muskogee, 90 Okla. 221, 217 Pac. 476. It was there held:

"Where deed is taken to an Indian's lands during minority, and thereafter, during her minority a suit is brought against her to quiet title to the lands contained in such deed and a judgment rendered for the plaintiff quieting his title, and, after the minor reaches her majority, she files a petition to vacate judgment because of lack of jurisdiction in the court to enter judgment, and such petition is overruled and no appeal taken. this judgment is res judicata of the validity of the judgment and a bar to an action to set aside the deed and recover the land."

This case was subsequently overruled by this court in the case of Southwestern Surety Ins. Co. v. Farris, 118 Okla. 188, 247

302

Pac. 392. See, also Miller, Admir v. Tidal Oil Co., 130 Okla. 133, 265 Pac. 648; Cotton v. McClendon, 128 Okla. 48, 261 Pac. 150.

In the case last cited, this court says:

"A deed executed by a Chickasaw Indian minor to lands allotted to him, not being made by his guardian pursuant to an order of the county court having jurisdiction, is null and void.

"Such Indian minor being legally incompetent to execute a conveyance of land allotted to him, except pursuant to an order of the county court having jurisdiction, a district court is without jurisdiction to give validity to a void conveyance executed by such minor, and a decree of the district court in an action between the said minor and his grantee, quieting title in such grantee, being void for want of jurisdiction, does not divest such minor of his title."

In the case of Southwestern Surety Ins. Co. v. Farris, supra, this court, speaking of a judgment taken under the same circumstances as above set forth, said:

"Being void, such judgment cannot thereafter be validated by an order of the same court denying a motion or petition to vacate same, and neither the void judgment nor the order denying the petition to vacate can operate as an estoppel under a plea of res judicata in a subsequent action between the same parties."

After the case of Welch v. Com. Nat. Bank, supra, was overruled, plaintiff filed this action again, seeking to recover the land. Defendants again pleaded res judicata and rely upon the above-mentioned proceedings to support such plea.

Plaintiff urges that the judgments above mentioned, including the judgment of this court on appeal, are absolutely void as beyond the jurisdiction of the court to render; that the deeds assailed were executed by the plaintiff while yet a minor, and in violation of the acts of Congress relative thereto, and that such deeds cannot be validated by judicial decree.

Plaintiff, however, overlooks the fact that in the original action the trial court expressly found that plaintiff was of full age at the time of the execution of the deeds. There is no sufficient allegation that this finding was procured through fraud or collusion.

There is an allegation to the effect that the attorney purporting to represent plaintiff was not employed by her, but in the former action brought by her to recover the land, the court expressly found that such attorney was employed by her, and this court, on appeal, affirmed this finding. This judgment is pleaded by plaintiff in her petition. Up-

on this issue such judgment is certainly conclusive.

If, then, in the original action there was presented a bona fide issue as to whether or not plaintiff was of age at the time of execution of the deeds, a finding by the trial court that she was, at said time, of full age, is certainly binding upon and conclusive between the parties, and cannot be collaterally attacked.

In the case of Cotton v. McClendon, supra, relied upon by plaintiff, the following allegation appeared in the petition:

"That said action was not brought upon a bona fide issue, but was brought for the purpose of endeavoring to convey title by judgment of said court while the said Frank Harris was under 21 years of age."

As to the other cases cited by plaintiff, it appears in each, on the face of the pleadings upon which the judgment assailed was based, that the deed was executed during the minority of the allottee. In neither of these cases was there a finding by the trial court that the allottee was of full age at the time of the execution of the deed. These cases are therefore not controlling.

In speaking on the question of collateral attack, 34 C. J. 769, the author says:

"But if the suit in which the judgment was entered was merely collusive, and a fraudulent arrangement between some of the parties to trick the other out of their rights, it is not an estoppel or bar against the proper claims of the latter."

In our opinion, under the record in the instant case, the finding of the district court of Muskogee county that plaintiff was of full age at the time of execution of the deeds cannot be collaterally attacked. It must be borne in mind that the deeds here assailed were executed prior to the adoption of the acts of Congress making the enrollment records conclusive evidence as to age. We can readily see how a bona fide dispute might have arisen as to the age of the plaintiff at the time of their execution, but, be that as it may, we cannot presume that this issue was not bona fidely made, and that the trial was not a bona fide trial.

Plaintiff urges that in the opinion on the former appeal appears the statement that the deeds here assailed were executed by plaintiff while yet a minor, and insists that this statement destroys the effect of the finding of the trial court, when the case was first tried, that the plaintiff was of full age at the time of the execution thereof.

The finality of this finding does not appear to have been presented to this court, nor by

it discussed in the opinion in that case. The judgment was affirmed on different grounds.

It is the theory of counsel that the judgment of this court affirming the judgment appealed from is void, and 15 R. C. L. 846 is cited in support thereof. It is there said:

"The affirmance of a void judgment is also void as are all proceedings to enforce the affirmed judgment by execution and sale, and where a judgment is void because the court had no jurisdiction, an affirmance of the judgment on appeal will not cure the defect or give life to the invalid judgment."

Assuming, without deciding, that the judgment of this court affirming the judgment appealed from is void under the theory upon which the same was rendered, this would not preclude defendants in this action from insisting upon the validity of the original judgment upon a different theory.

Defendants, as a defense to this action, rely upon the validity of the original judgment as a bar to this action. The court, in rendering the said judgment, expressly found that the plaintiff was of full age at the time of the execution of the deeds. The allegations of plaintiff's petition are not sufficient to challenge the finding of the court upon this issue. There was, therefore, no error in rendering judgment in favor of the defendants.

Judgment should be affirmed.

TEEHEE. DIFFENDAFFER. JEFFREY, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.