[No. 12482. In Bank.—December 13, 1888.]

LINA L. GRAY ET AL., APPELLANTS, v. WILLIAM A. WINDER, ADMINISTRATOR ETC., ET AL., RESPONDENTS.

APPEAL FROM JUDGMENT — DISMISSAL. — An appeal from a judgment, taken more than one year after the entry of the judgment, will be dismissed.

NEW TRIAL — ORDER — REVIEW ON APPEAL. — An order denying a new trial will be affirmed, if any sufficient ground appears for the denial of the motion.

TIME OF MOTION FOR NEW TRIAL — NOTICE OF DECISION — WAIVER — INFANCY. — It seems that the object of the law is to give ten days after actual knowledge of the decision in which to give notice of intention to move for a new trial. That object is fully attained when the record shows that the party entitled to notice has acted in court upon actual knowledge of the decision. Such action constitutes a waiver of formal notice; and a notice of motion for new trial, given fourteen years after such waiver, is too late, though no formal written notice of the decision was ever given, and though some of the parties moving for a new trial were minors at the time of the waiver.

APPEAL from a judgment of the former District Court of the Eighteenth Judicial District, in and for San Diego County, and from an order of the Superior Court of said county denying a new trial.

The facts are stated in the opinion of the court.

*V. E. Howard & Sons, Chalmers Scott, W. S. Van Dyke,* and *John R. Jones,* for Appellants.

*W. T. McNealy, E. Parker, Levi Chase, W. J. Hunsaker, Oscar Trippett,* and *W. J. Gatewood,* for Respondents.

SHARPSTEIN, J.—The judgment was entered August 25, 1874. The appeal was taken more than thirteen years thereafter. An appeal from a final judgment must be taken within one year after the entry of the same. (Code Civ. Proc., sec. 939.) The motion to dismiss must be granted.

There is also an appeal from an order denying plaintiffs' motion for a new trial. If there appears in the record any sufficient ground for the denial of the motion for a new trial, the order must be affirmed.

The notice of intention to move for a new trial was served and filed on the 6th of November, 1886, a little more than fourteen years after the entry of the judgment. Appellants insist that the notice was given in time, because no notice of the decision of the court had been served on them.

The code provides that "the party intending to move for a new trial must, within ten days after the verdict of the jury, if the action was tried by a jury, or after notice of the decision of the court or referee, if the action were tried without a jury, file with the clerk and serve upon the adverse party a notice of his intention." (Code Civ. Proc., sec. 659.)

Although it does not appear that plaintiffs were at any time served with a formal written notice of the decision

of the court, it does appear that they had actual knowledge of it at or about the time it was made. This sufficiently appears by the transcript from which we extract the following:—

"August 24, 1874, at eight o'clock, A. M. Court met pursuant to adjournment. Present, the Hon. Sepulveda, judge; T. F. Miller, deputy sheriff, and A. S. Grant, clerk.

"Title of court and cause.

"Findings for defendants, and judgment to be entered in accordance, and by consent defendants allowed until Wednesday, August 26, 1874, to file judgment.

"On motion of plaintiffs, stay of proceedings is granted until October 19, 1874. Plaintiffs object to findings of fact and law this day filed, and ask for further findings. . . . . Thereupon the court found and made additional findings, . . . . as asked for by plaintiffs."

It has been held that formal notice of a decision may be waived by the party entitled to such formal notice. (*Thorne* v. *Finn*, 69 Cal. 251; *Cottle* v. *Leitch*, 43 Cal. 320.)

We understand that when a party acts as if he had formal notice of a decision, such acts constitute a waiver of such formal notice.

It is a cardinal principle of construction that "the object to be attained" must be kept constantly in view. We think the object to be attained by giving notice of a decision is as fully attained when the party entitled to notice has actual knowledge of the fact, and acts upon that knowledge, as when he has formal notice of it. When an action is tried by a jury, the party intending to move for a new trial must, within ten days after the verdict, without any formal notice of it, give notice of his intention so to move. The only reason which we can now conceive of for not requiring the notice of intention to be given in such a case the same as in other cases is, that where an action is tried by a jury it would barely be possible that both parties would not have actual knowledge of the result. Where an action is tried by the court,

or a referee, the liability of the party to be ignorant of the decision for a considerable time after it is rendered is much greater. The object of the law, we doubt not, is to give a party ten days after he has actual knowledge of the decision, within which to give notice of his intention to move for a new trial. Be that as it may, we think the plaintiffs in this case by their acts waived a formal written notice, and that their notice of intention to move for a new trial, given fourteen years after such waiver, was too late.

The circumstance of some of the plaintiffs being minors is not entitled to any weight. They commenced and prosecuted the action to a final judgment, and must abide the consequences.

Appeal from judgment dismissed, and order denying plaintiffs' motion for a new trial affirmed.

SEARLS, C. J., McFARLAND, J., and PATERSON, J., concurred.

THORNTON, J., concurring. — In this case notice of intention to move for a new trial was given more than twelve years after the entry of judgment. The plaintiffs were in court when the findings and conclusions of law were presented, and objected to them, and asked for further findings, which were at once made, and the findings were filed. Judgment was ordered in accordance with the findings. This was on the 24th of August, 1874. *By consent* defendants were allowed until the 26th of August, 1874, to file judgment. At the same time plaintiffs asked for and obtained a stay of proceedings until October 19, 1874. The judgment was filed on the 25th of August, 1874.

The plaintiffs contend that their notice of intention was in time, because they never had written notice of the decision.

Though a party is entitled to such notice of the decision when the case was tried by the court, before giving

notice of intention to move for a new trial, we are of opinion that the rule should not be applied where the party in court consented to the filing of judgment when ordered within a certain time, and then waited for more than twelve years before giving notice of his intention to move the court for a new trial. He had knowledge sufficient to put him on inquiry as to the *status* of the cause during this long period; and whether or not the findings had been filed, the decision made, and judgment had been entered as ordered, his delay for more than twelve years amounted to such laches is as equivalent to a waiver of notice.

It was, in effect, an abandonment of any intention to move for a new trial, and of all claim or right to do so. To permit such a notice to be prosecuted under the circumstances shown by the record in this case would be to allow an abuse of the process of the court. The case presented is novel in its features, and I concur in the judgment on the special circumstances of the case. I regard the conduct of the plaintiffs here as equivalent to a waiver of notice of the decision made in 1874.