### COOK v. SPEAK et al.

No. 12295—Opinion Filed Oct. 21, 1924.

1. Appeal and Error—Waiver of Error—Omission from Petition in Error.

Errors not complained of by petition in error will not be considered by this court on appeal.

**2. Guardian and Ward—Sale of Land—Validity—Collateral Attack.**

Where the county court has jurisdiction of the subject-matter in a guardian sale of real estate, and the petition of sale describes the land to be sold with particularity, and pleads any of the facts required by sections 1466 and 1467, Comp. Stat. 1921, or any other facts or circumstances tending to show the necessity of the sale under section 1470 Comp. Stat. 1921, and the court makes an order pursuant to section 1471, Comp. Stat. 1921, finding the sale necessary and for the best interest of the minor, and orders the guardian to sell the land described in the petition, without quoting the description, and the sale is made, after proper appraisement, and the order confirming the sale describes the land with certainty and directs deed to be executed to the purchaser, the sale is not subject to collateral attack.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; Thomas W. Champion, Judge.

Action by Anna Bessie Cook against Jennie T. Speak et al., for recovery of real estate. Judgment for defendants, and plaintiff appeals. Affirmed.

Hatchett & Semple, for plaintiff in error.

Johnson & McGill, for defendants in error.

Opinion by THREADGILL, C. The plaintiff in error, plaintiff below, who was a Choctaw Indian, less than one-half by blood, brought suit in the district court of Carter county, April 28. 1919, against the defendants in error, defendants below, to recover her surplus allotment which had been sold by Marie J. Aday, her guardian, through the county court of Bryan county, during her minority. The land in controversy is described as follows: W. ½ of E. ½; W. ½ and S. W. ¼ of S. E. ¼ of S. E. ¼ of section 29, T. 2 N., R. 1 E., in Carter county.

Plaintiff claimed the right to recover on the ground that her guardian filed a petition on October 19, 1908, to sell the land, and the petition did not comply with the statute requiring the condition of the estate of the minor, and the amount of the personal property of the minor, or amount of personal property owned by the estate, or held in trust for it, to be stated, and requiring facts or circumstances which show or tend to show the necessity for the sale to be stated, and for failure to comply with these requirements the court obtained no jurisdiction to make the order of sale; that the order of sale was void; that the notice of sale was published only one time; that the order confirming sale was void, because of the defects preceding the same; that

there was no bid for the land on the day appointed for bids, at private sale, and the time of sale was continued without new notices given; that the land was sold to A. W. Speak for the inadequate price of $1.25 per acre on February 23, 1909, and the sale confirmed March 8, 1909, and the deed executed, thereafter, was void. Demurrers being filed and overruled, the defendants answered, admitting that plaintiff was of one-fourth Indian blood, and the land in controversy her surplus allotment; and pleading that they were the heirs of A. W. Speak, who bought the land at the guardian sale, and stating the facts of the sale, and setting out the procedure of said sale, and pleading further that said sale was made to provide for the support, maintenance, and education of the minor, and that all irregularities in the sale were cured by the confirming order of sale; that the deed of the guardian was valid and the defendants were in possession of the land in good faith, and they ask that the title be quieted in them. Plaintiff filed a reply consisting of general and special denials.

Thereafter, on October 13, 1920, plaintiff offered to amend her petition by alleging that the appointment of the guardian by the federal court, before statehood, was void for lack of notice to the father, who was living, and without appearance or waiver on his part, which offer was refused by the court and exception saved by plaintiff.

On October 15, 1920, the issues were tried to the court without a jury and resulted in judgment for the defendants, and plaintiff appeals by petition in error and case-made, stating the following assignments of error:

"1. The court erred in overruling the plaintiff in error's motion for a new trial. 2. Because the judgment of the court is contrary to the law. 3. Because the judgment is not supported by the evidence. 4. Because the court permitted incompetent, irrelevant and prejudicial testimony to be offered, to which the plaintiff duly excepted at the time. 5. Because the court refused to admit competent testimony offered by the plaintiff, to which the plaintiff excepted at the time. 6. Because the judgment is contrary to the law and the evidence. 7. Because the court failed to sustain the demurrer to the evidence offered by the plaintiff, to which action the plaintiff duly excepted"

—and urging them under three propositions:

"1. The attempted sale of the land was void for the reason that the appointment of Marie J. Aday was invalid in that no notice was given to the father. 2. No title passed to the purchasers at the guardianship sale

for the reason that the petition to sell real estate and the order of sale failed to comply with the statute and are wholly void. 3. A sale which is void for want of jurisdiction, apparent on the face of the record, can be attacked in a collateral proceeding."

An opinion in this case was prepared, following the theory and contention of plaintiff in error as stated in her brief in the absence of any brief on the part of defendants in error, and permission being given defendants to file brief out of time, the said opinion has been withdrawn and the whole case considered anew, on the record and briefs of both parties.

1. As to the first proposition of plaintiff, that the sale of the land was void for the reason the appointment of Marie J. Aday as guardian was invalid, for lack of notice to the father, it is enough to say that this proposition cannot be urged here for the reason there is no assignment of error covering the same. It was not an issue in the pleadings. Plaintiff offered to make it an issue by filing an amended petition, but the court refused to permit the amendment, and, while an exception was saved, this ruling of the court was not alleged as error in the motion for a new trial or in the petition in error. The court did allow evidence on this issue over the objections of the defendants, on the theory that the matter was being heard by the court and he could disregard any evidence not admissible under the issues, and we must presume that he did disregard this evidence, because the same was clearly inadmissible under the decision of this court. Chambers v. Wagoner, 32 Okla. 774, 123 Pac., 1117.

2. Plaintiff's second proposition is to the effect that the sale was void and no title passed for the reason that the petition to sell the land by the guardian and the order of sale by the court authorizing the guardian to make the sale failed to comply with the statutes and were wholly void. Plaintiff contends that the petition failed to show the condition of estate of the minor or the necessity for the sale.

Examination of this petition discloses that the guardian described the land to be sold, and also the homestead allotment of the minor, and that the 490 acres of surplus allotment was not fit for cultivation, being located in the Arbuckle mountains, and for all practical purposes was worthless, not furnishing any revenue or income for said minor, and the lands of the minor had never yielded any revenue, and that the petitioner had supported and maintained her at her own expense. The petition states further that the lands of the minor should be sold for the purpose of buying other lands for the minor, nearer her place of residence, fit for cultivation, that she might have an income for her support and education. Plaintiff contends that this was not a sufficient description under the provisions of the statutes to give the court jurisdiction to make the order of sale, citing the case of Dosar v. Hummell, 89 Okla. 152, 214 Pac. 718, and some California cases in support of her contention.

The question involved here has been decided against the contention of the plaintiff in numerous decisions of this court, expressly overruling the case of Dosar v. Hummell, supra. The more recent cases being, Tiger v. Drumright, 95 Okla. 174, 217 Pac. 453, and Abraham et al. v. Homer, 102 Okla. 12, 226 Pac. 45.

Plaintiff's contention as to the order of sale is that it is insufficient to authorize the sale, because it does not describe the land with particularity. But the record discloses it does describe the land by referring to the petition which makes plain the particular land to be sold.

The last case above cited discusses all the questions raised by the plaintiff in her second proposition—questions that are jurisdictional as well as those that are quasi jurisdictional—and determines them against the plaintiff's contention. The record discloses that the county court had jurisdiction of the subject-matter, and the petition stated sufficient facts to invoke this jurisdiction of the court to determine whether or not the land should be sold for the best interest of the minor, and the order made by the court finding that notice of hearing the petition had been given as provided by the law, and describing the land as the land described in the petition as the surplus allotment of the minor, and finding that the sale of the same was for the best interest of the minor in the matter of support and education and for reinvestment in some income bearing property, is sufficient for all purposes to authorize the sale of the land.

The decisions are numerous and the discussions are voluminous involving the various phases of guardians' sales of real estate in this state, and the decisions and discussions have considered the facts essential and the facts nonessential, and the mandatory provisions of the statutes and the directory provisions, in making the guardian sale, and judgments subject to direct and collateral attack have been considered, and the end is not yet, but from what has been concluded we may say at this time: Where the county court has jurisdiction of the subject-matter—the minor and the es-

tate—and the petition for sale describes the land to be sold, and pleads any of the facts required by sections 1466 and 1467, Comp. Stat. 1921, or any other facts and circumstances tending to show the necessity of the sale, and the court makes an order finding the sale necessary, and for the best interest of the minor, and orders the guardian to sell the land described in the petition without quoting the description, and the sale is made with due notice and proper appraisement, and the order confirming describes the land with particularity and directs deed to be executed to the purchaser, the sale is not subject to collateral attack.

Taking this view of the subject, it would serve no useful purpose to discuss the question of collateral attack presented in plaintiff's third proposition, because if the court had jurisdiction to make the orders and direct the sale, however defectively the same were done, the sale is not subject to collateral attack as held by the decisions last above cited.

We therefore recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.