Note.—See under (1) 33 Cyc. p. 710. (2) 33 Cyc. p. 705 (1926 Anno).

---

### LUKER v. MASTERSON.

No. 15212—Opinion Filed March 17, 1925.

**1. Guardian and Ward—Guardian's Sale of Real Estate—Proceedings—Collateral Attack.**

Where guardian proceedings have been conducted by a county court having jurisdiction, leading up to a confirmation of a sale of the ward's real estate, the sufficiency of the notice or waiver of the hearing upon the application for appointment of a guardian, the guardian's petition for decree of sale, the notice or waiver of hearing upon the petition for decree of sale, the notice or waiver of hearing upon the return of sale, and of the appraisement, when an appraisement is required, and the notice of sale, are all matters for the consideration of the county court, and where a guardian has been appointed, decree of sale made, and an order of confirmation of sale made, followed by execution and delivery of a guardian's deed, the proceedings are not open to a collateral attack in an independent suit to cancel the proceedings.

**2. Same—Indians—Sale of Allotted Land—Jurisdiction of County Court.**

Where a petition for decree of sale of the allotted lands of an Indian minor of less than half Indian blood was filed before the Congressional Act of. May 27, 1908, removing restrictions went into effect, the county court was without power to consider or act upon the petition at the time it was filed; but, where the petition was not acted upon until after the congressional act removing restrictions went into effect, the county court had the same power and authority to consider and act upon it as if it had been filed after the act went into effect.

**3. Same—Validity of Sale—Appraisement and Price.**

Where a minor's land is sold at private sale under orders of the county court having jurisdiction, and an order of confirmation of sale is entered, regular upon its face. finding that the sale was legally made as provided by the statutes, the question of whether or not the land was appraised within a year next before the sale or before order of confirmation was made, or whether

or not the land was sold for less than 90 per cent. of the appraised value cannot be successfully raised in an independent proceeding so as to void the sale and order of confirmation, unless it can be said from an examination of the proceedings that no appraisement was made within a year, or that the land sold for less than 90 per cent. of the appraised value.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by Annie Luker against W. G. Masterson. Judgment for defendant, and plaintiff appeals. Affirmed.

A. C. Sewell, for plaintiff in error.

Guy L. Andrews, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error was the plaintiff below, and the defendant in error was the defendant. The parties will be referred to herein as plaintiff and defendant, as they appeared in the court below.

The plaintiff brought her action in the district court of Pittsburg county for the purpose of cancelling a guardian's sale, order of confirmation, and a guardian's deed issued pursuant. thereto, by which she was divested of title to land situated in Pittsburg county, and described as follows: The southwest quarter of the northwest quarter of the southwest quarter; and the west half of the southwest quarter of the southwest quarter; and the southeast quarter of the southwest quarter of the southwest quarter of section thirty, township five north and range thirteen east; for possession of the said lands; for rents and profits; and to quiet title thereto in her. The plaintiff, by her petition filed in the district court of Pittsburg county, attacks the guardianship proceedings by which she was divested of her title, as conducted by the county court of Pittsburg county, for two reasons: First, because of irregularities in the proceedings themselves, which, it is alleged, render the order of confirmation of the sale and the guardian's deed made pursuant thereto, null and void; and, second, because of fraud extrinsic to the record which would render the proceedings, order of confirmation and guardian's deed void. It is alleged in the petition that the plaintiff was allotted the said lands as a part of her homestead allotment, and as a part of her interest in the lands of the Choctaw and Chickasaw Tribes of Indians; that she never deeded away the said land, but still owns the same and is

entitled to the immediate possession thereof, but that the defendant is in wrongful possession, claiming title by and through the guardianship proceedings and guardian's deed. The attack made upon the guardian proceedings is that the county court of Pittsburg county never acquired jurisdiction in the proceedings (1) because no notice was given of the hearing upon the application for appointment of a guardian for plaintiff; (2) no notice was ever given of the hearing to be held upon the petition for order of sale of the land; (3) the petition for order of sale was wholly insufficient to authorize a sale; (4) because the plaintiff was a restricted Indian at the time the petition for decree of sale was filed; (5) no appraisement of the land was made such as would authorize a private sale thereof; and (6) there was no notice of hearing upon the return of sale. Copies of the instruments filed in the guardianship proceedings, as found in the guardianship case, are attached as exhibits to the petition. It is unnecessary to set out the allegations of fraud extrinsic to the record, since no proof was offered in the trial in support of such allegations.

It sufficiently appears that while the plaintiff was a minor. application was filed in the county court for appointment of a guardian, service of notice on the next of kin was accepted by the mother, and the father had made the application. Upon a hearing the father was appointed her guardian. He thereafter filed a petition for decree of sale of the lands here involved. The petition was set for hearing and notice of hearing was waived and consent to decree filed; and a decree of sale was entered ordering a private sale of the property. The sale of the land was advertised as provided by law and the orders of the court and the sale conducted and a return thereof made; and the return was set for hearing and notice given. and upon the hearing the sale was confirmed and a guardian's deed ordered executed. and the deed was made and delivered. The sufficiency of the notice or waiver and consent to the orders, and of the petition for decree of sale, and the notice of sale, and the appraisement of the land, were all matters for the consideration of the county court; and when the sale was confirmed the proceedings are not open to a collateral attack in an independent proceeding. Abraham v. Homer, 102 Okla. 12, 226 Pac. 45.

The plaintiff. however, insists that at the time the petition for decree of sale was filed, she was a restricted Indian and the county court was without power to consider the petition. The record here shows that the petition for decree of sale was filed on the 23rd of May, 1908, and that the plaintiff is a mixed-blood Indian, being of one thirty-second degree Indian blood. The congressional act removing restrictions went into effect July 27, 1908. The petition was not acted upon until in November, 1908, and long after the act went into effect removing the restrictions upon the alienation of the plaintiff's land. Even though the court had no power to consider the petition at the time it was filed, after the restrictions were removed the county court was authorized to consider the petition and make valid orders based upon it. The plaintiff cites Sockey et al. v. Winstock et al., 43 Okla. 758, 144 Pac. 372, and Dosar v. Hummell, 89 Okla 152, 214 Pac 718, in support of her contention. These cases are not controlling. The first does not deal with the question. In the second, the petition for decree of sale was filed in March, 1908, and the orders were made in April, 1908. In that case the petition for decree of sale was considered before the act removing the restrictions went into effect, and it was, for that reason, held that the court had no power to act upon the petition.

The plaintiff contends that her land was sold at private sale and was not appraised; and the statute requiring appraisement is mandatory. It cannot be said from this record that there was no appraisement. The guardian's return of sale recites that the price at which the land was sold exceeded 90 per cent. of the appraised value. Thus it would appear that there was an appraisement before the sale. The order of confirmation of sale recites that the sale was made in compliance with the law; and the county court is presumed to have had the controlling statutes before him, and to have been guided by them. Unless it can be said from an examination of the probate record that there was no appraisement, or that the land did not sell for an amount equal to 90 per cent. of the appraisement, the regularity of the appraisement and sale will be presumed. Baker v. Vadder. 83 Okla. 140, 200 Pac. 994; Ross et al. v. Groom et al., 90 Okla. 270, 217 Pac. 480; Tiger v. Drumright, 95 Okla. 174, 217 Pac. 453; Littlehead v. Mount, 99 Okla. 225, 227 Pac. 98; Burris et al. v. Straughn et al., 107 Okla 299, 232 Pac 394

The attack made by the plaintiff upon the probate proceedings is, at the strongest, an attack because of irregularities that may appear. The proceedings are not open to such attack made in an independent pro-

·ceeding It does not appear upon the face of the probate record that the proceedings are void, and the attack being made in a collateral proceeding, cannot be upheld.

The judgment of the trial court is supported by the record and by controlling decisions of this court.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) C. J. p. 1200, § 350; (2) 31 C. J. p. 516, § 79 (1926 Anno. (3) 28 C. J. p. 1200, § 350.