## LANDRUM v. ROSS et al.

No. 15502—Opinion Filed Nov. 3, 1925.

(Syllabus.)

**1. Pleading—Insufficiency on Demurrer — Lack of Material Allegations.**

The rule that a pleading must be liberally construed upon demurrer has application to defective allegations of material matters, but where a material allegation is wholly lacking in a pleading, the rule cannot be invoked to supply by inference a cause of action not even defectively stated.

**2. Guardian and Ward — Fraud by Guardian in Sale—Bona Fide Purchaser.**

"A purchaser at a guardian's sale, all the proceedings relating thereto being regular upon their face, may not be ousted by reason of fraud of the guardian inducing such sale, where the purchaser did not participate in or have knowledge of such fraud." Scott v. Abraham, 60 Okla. 10, 159 Pac. 270.

Error from District Court, Nowata County; C. H. Baskin, Judge.

Action by Odoth Landrum against W. E. Ross et al. Motions by defendants for judgment on the pleadings sustained and judgment rendered for defendants, from which plaintiff appeals. Affirmed.

C. F. Gowdy, J. L. Francis, and N. W. Gore, for plaintiff in error.

O. L. Rider, for defendants in error.

RILEY, J. The plaintiff in error, plaintiff below, commenced this action in the district court of Nowata county, Okla., against W. E. Ross, C. C. Roberts, Mary L. Clark, Guy Patten, John C. Starr, and the Nakomis Oil Company, who are parties to this action on appeal. The plaintiff sought cancellation of a deed to certain lands which was executed and delivered by defendant C. C. Roberts, as guardian of plaintiff, to defendant W. E. Ross, likewise the order approving the same in the county court of Craig county, Okla., and all transfers therefor by or under the authority of said guardian's deed, and for judgment against the defendants in the sum of $21,500, as damages for

rents, profits, and oil values accruing and taken from said lands by and on authority of said guardian's deed. Two separate motions for judgment on the pleadings, one by defendants Ross and Roberts, the other by defendants Clark, Patten, Starr, and Nakomis Oil Company, were by the court sustained.

The sufficiency and regularity of the proceedings leading up to the guardianship sale are not questioned. Fraud in securing the order of sale out of the county court of Craig county is sought to be made the basis for the cancellation of the deed, order, and transfers. The allegations of fraud set out in the petition of plaintiff are haec verba as follows:

· "That said sale, transfer and conveyance of said land by the said guardian to the said Ross, and the order of approval thereof was obtained and made by fraud, the said C. C. Roberts and the said W. E. Ross and the county judge of Craig county, the county in which said orders were obtained, well knowing that the records in the probate case in which said orders were obtained, then and there showed that this plaintiff was being maintained, cared for and educated by and with moneys paid by said court to said plaintiff's mother in the sum of $10.00 per month and the said record in the said probate case then and there showed reports made by the said C. C. Roberts as guardian of this plaintiff to the said county court of Craig county and on file in said probate case that the income from the oil produced from said lands sought to be sold was $24.00 per month; that said guardian falsely represented to said court that it was necessary to sell said lands to maintain this plaintiff and to pay debts due by him as such guardian, when in truth and in fact said guardian was wholly disregarding the rights and best interests of this plaintiff and sought to divest him of his title in said land without receiving a consideration commensurate with the value thereof.

"That the said land was sold by said guardian at private sale for the sum of $2,-160.00, when in truth and in fact the same was reasonably worth $8,000.00 "

The matter was presented to the county court by the petition of the guardian to sell the land of the ward, and the court decided, irrespective of what the records of the court in the guardianship case showed and irrespective of whether or not such decision was based upon false or perjured testimony, that the necessity existed and ordered the sale. We cannot indulge the presumption of a false finding by the county court. Wray v. Howard, 79 Okla. 223, 192 Pac. 584; Scott v. Abraham, 60 Okla. 10, 159 Pac. 270.

The necessity for the sale of the ward's land for the purposes set out in the petition was a matter to be determined by the county court, and having determined that matter, its decision is not subject to attack on the ground that the evidence was untrue. Allegation of false representation by the guardian in his petition for sale is a claim based upon intrinsic fraud and presents no judicial issue. This rule is expressed in Scott v. Abraham, supra, as follows:

"After alleging the appointment of Charlie Scott as guardian, it is alleged:

" 'This appointment was fraudulently procured by and through said Charlie Scott and defendant Joe Abraham with the intention of cheating and defrauding the minor out of her property.'

"The above is the only allegation of fraud in the petition. It states a conclusion rather than any facts from which fraud could even be inferred. The only other facts alleged relating to the procurement of the appointment of Charlie Scott as guardian are to the effect that the minors were not residents of Haskell county at the time of his appointment. We have already seen that the determination of the county court upon this point cannot be here called in question. If we go further and say that, since the petition alleged nonresidence of the minors in Haskell county, the finding of the county court that they did live there, which finding is conclusively presumed (Hathaway v. Hoffman, supra [53 Okla. 72, 153 Pac. 184]), must have been based upon perjured testimony, still the issue was not triable in this case, for it is fraud or perjury aliunde the record which may be inquired into and not perjury involved in the matter actually determined (Brown v. Trent, supra [36 Okla. 239, 128 Pac. 895]; Elrod v. Adair, supra [54 Okla. 207, 153 Pac. 660]). Were it not so, there would be no end of litigation, since in every case where there was a conflict of evidence the unsuccessful party would immediately sue to set aside the judgment on the ground that his adversary gave perjured testimony. The rule has had some apparent limitations in this court (El Reno Mut. Ins. Co. v. Sutton, 41 Okla. 297, 137 Pac. 700, 50 L. R. A. [N. S.] 1064), but a careful examination will reveal that the distinctions made were upon the facts rather than the rule of law. In the case last cited it was said:

" 'Nor will relief be granted in equity, unless the fraud complained of is extrinsic to the matter tried in the primary suit.' And: 'The fraud, in our opinion, was extrinsic and collateral acts not involving the merits of the case as shown by the pleadings, and which was not an issue inquired about in the original case'."

The motion for judgment on the pleadings

being considered as a demurrer, it does not admit the conclusions of the pleader, but only the well-pleaded facts, and only intrinsic fraud being pleaded, it cannot supplant the allegation of extrinsic, actionable fraud. The allegations contained in the petition not being actionable, the petition was not susceptible of amendment, and in fact no amendment was requested.

In addition to the facts above stated, the Nakomis Oil Company held an oil and gas lease covering the lands in controversy which the petition admits was valid. The answer pleads the assignment thereof to defendants Patten and Starr. The defendants Clark, Patten, and Starr are further shown to be subsequent purchasers from Ross, purchaser at the guardian's sale. Neither Ross nor the subsequent purchasers are charged with knowledge of false representation, heretofore set out, alleged to have been made by the guardian respecting the necessity for the sale of the ward's lands. No collusion is alleged to have existed between the purchasers and the guardian.

In Scott v. Abraham, supra, it is said:

"A purchaser at a guardian's sale, all the proceedings relating thereto being regular upon their face, may not be ousted by reason of fraud of the guardian inducing such sale, where the purchaser did not participate in or have knowledge of such fraud." Bowling v. Merry, 91 Okla. 176, 217 Pac. 404; Atkinson v. King, 93 Okla. 37, 219 Pac. 914.

The judgment of the district court of Nowata county is therefore affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, and CLARK, JJ., concur.

Note.—See under (1) 31 Cyc. pp. 79, 86. (2) 28 C. J. p. 1201, § 351.