## FOLTZ v. DESHON.

No 17328—Opinion Filed Nov. 9, 1926.

(Syllabus.)

**Judgment—Petition to Vacate Demurrable for Failure to Show Unavoidable Casualty or Misfortune.**

When a judgment is rendered on a record which on its face shows that the court had jurisdiction of the parties and the subject-matter, a petition to vacate and set aside such judgment filed at a subsequent term of court under subdivision 7 of section 810, C. O. S. 1921, is subject to demurrer when, as a matter of law, the facts pleaded as constituting the ground for vacating said judgment under said subdivision 7 do not show unavoidable casualty or misfortune within the meaning of said subdivision, and this is true even if the defense pleaded to the original suit, if proven, would be complete.

Error from County Court, Tulsa County; W. L. Coffey, Judge.

Petition by C. W. Foltz to vacate judgment in favor of F. B. Deshon, doing busi-

ness as F. B. Deshon & Company. Demurrer to petition sustained, and petitioner brings error. Affirmed.

Bailey E. Bell and Albert A. Hughes, for plaintiff in error.

Woodard & Westhafer, for defendant in error.

BRANSON, V. C. J. Herein C. W. Foltz prosecutes error from the county court of Tulsa county. In January, 1925, a judgment was rendered against the said O. W. Foltz in said court in favor of F. B. Deshon, doing business as F. B. Deshon & Company. He had sued the said Foltz on certain promissory notes, and judgment was entered in the favor of the said F. B. Deshon.

On the 10th day of October, 1925, and after the term, the said C. W. Foltz filed a petition to vacate the judgment so rendered against him, to which petition his answer on the merits of the original action was attached as an exhibit. The petition to vacate the judgment charged that the same was rendered against the said Foltz by reason of unavoidable casualty. The unavoidable casualty is pleaded as follows:

"Further, that from the date of filing the amended answer and cross-petition, which was on January 30, 1924, this defendant made occasional inquiries of his attorney as to how the cause was progressing and was informed that it was taking its regular course and that the said attorney would look after it, and that the defendant heard nothing further about the case until, on or about the 25th day of September, 1925, he learned through the office of the sheriff of Tulsa county that judgment had been taken against him in his absence and in the absence of his counsel, on or about the 16th day of December, 1924, that the cause had been filed in the district court of Tulsa county on or about the 19th day of September, 1924, and execution immediately issued thereon; further, that in the spring of 1925, the exact date being unknown to this defendant, he was informed by his said attorney, Frank E. Duncan, that the said Frank E. Duncan was withdrawing from representing this defendant in all cases and this defendant withdrew his business from the said Frank E. Duncan, but believed at that time that the above entitled cause had been long before fully and completely disposed of, inasmuch as he had set up a full and complete defense in his amended answer to the petition of the said plaintiff and had been assured by his counsel during the year 1924 on many occasions that everything was being taken care of in a proper manner."

The position of the petitioner herein is that under subdivision 7, section 810, C. O. S. 1921, the said allegations were sufficient to warrant the court, after the term at which judgment was entered, to vacate and set aside the same. To this petition to vacate, a demurrer was sustained, and the only question here is: Was it properly sustained?

It was, unless the petition to vacate set up a state of facts which as a matter of law constituted unavoidable casualty and misfortune within the meaning of said subdivision of said section 810. Our conclusion, under the authorities, is that it did not. Wagner v. Lucas, 79 Okla. 231, 193 Pac. 421; Wynn v. Frost, 6 Okla. 89, 50 Pac. 184; Welch v. Challen, 31 Kan. 696, 3 Pac. 314; Forest v. Appleget, 55 Okla. 515, 154 Pac. 1129. Under section 814, C. O. S. 1921, it is provided that a judgment shall not be set aside until it is adjudged that the defense pleaded was a good, valid, and sufficient defense; but under the previous section. to wit, section 813, C. O. S. 1921, the question as to whether or not the ground to vacate the judgment—in the instant case because of unavoidable casualty—shall be first adjudicated before the court is called upon to determine whether the defense is valid or invalid. It is, therefore, unnecessary for us to determine whether or not the answer attached to the petition to vacate pleaded a defense to the original suit. Judgment had at a previous term of court been rendered against the petitioner herein, and under the authorities above cited we concur in the conclusion of the trial court that the above-quoted allegation did not as a matter of law constitute unavoidable casualty, and the demurrer to the petition to vacate was properly sustained. The merits of the answer attached thereto were, therefore, not before the court for adjudication.

The judgment of the trial court is affirmed.

NICHOLSON, C. J., and PHELPS, HUNT, and RILEY, JJ., concur.

Note.—See 34 C. J. p. 329, §548 (Anno).