sale. There is no recital in section 1466 or 1467 that the causes for sale of real estate should be exclusive of all other causes, and construing the whole act together, the contrary intention appears. This theory is given further support by section 1471. Comp. Stats. 1921, where it is provided that when a petition for an order of sale is filed, the court must order a hearing thereon, if it appears 'to the court, from the petition, that it is necessary or would be beneficial to the ward that the real or personal estate, or some part of it, should be sold.' Had the lawmakers intended to limit the sale to the causes contained in sections 1466 and 1467, supra, they could have well used more appropriate expressions than these."

See, also: Nolan v. Jackson, 107 Okla. 163 231 Pac. 525; Cook v. Speak, 104 Okla. 5, 229 Pac. 1083; Luker v. Masterson, 109 Okla. 75, 234 Pac. 727; Ammerman v. Karnowski, 100 Okla. 156, 234 Pac. 775; Harrell v. Prairie Oil & Gas Co., 8 Fed. Rep. (2nd Series) 239.

Upon the reason and authority of the cases herein mentioned, and by reason of the stare decisis rule, in that the Abraham-Homer Case, we think, has established a rule of property, the judgment of the trial court is affirmed.

BRANSON, C. J., MASON, V. C. J., and HUNT and HEFNER, JJ., concur. PHELPS and LESTER, JJ., dissent. HARRISON, J., absent, not participating. CLARK, J., disqualified, having participated below.

Note.—See 34 C. J. p. 560 §860.

---

## MATTHEWS v. MORGAN et al.

No. 15193. Opinion Filed April 19, 1927.

Rehearing Denied Oct. 11, 1927.

Error from District Court, Grady County; Will Linn, Judge.

Action by Losera Matthews against D. C. Morgan and his assignee in ejectment, for rents and profits, to cancel deed and quiet title. Judgment for defendants, and plaintiff appeals. Affirmed.

J. W. Clark and Linebaugh & Pinson, for plaintiff in error.

J. B. Dudley, for defendants in error.

RILEY, J. Upon the authority of Losera Matthews v. D. C. Morgan and M. L. Asbury. No. 15192, this day decided, 127 Okla. 74 259 Pac. 867, the judgment of the trial

court is herein affirmed. The syllabus in that case is adopted in this case.

BRANSON, C. J., MASON, V. C. J., and HUNT and HEFNER, JJ., concur. PHELPS and LESTER, JJ., dissent. HARRISON, J., absent, not participating. CLARK, J., disqualified, having participated below.

---

## MATTHEWS v. MORGAN et al.

No. 15194. Opinion Filed April 19, 1927.

Rehearing Denied Oct. 11, 1927.

Error from District Court, Grady County; Will Linn, Judge.

Action by Thelma Ma Matthews against D. C. Morgan and his assignees in ejectment, for rents and profits, to cancel deed and quiet title. Judgment for defendants, and plaintiff appeals. Affirmed.

J. W. Clark and Linebaugh & Pinson, for plaintiff in error.

J. B. Dudley, for defendants in error.

RILEY, J. Upon the authority of Losera Matthews v. D. C. Morgan and M. L. Asbury. No. 15192, this day decided, 127 Okla. 74, 259 Pac. 867, the judgment of the trial court is herein affirmed. The syllabus in that case is adopted in this case.

BRANSON, C. J., MASON, V. C. J., and HUNT and HEFNER, JJ., concur. PHELPS and LESTER, JJ., dissent. HARRISON, J., absent, not participating. CLARK, J., disqualified, having participated below.

---

## PATSY OIL & GAS CO. v. BAKER.

No. 17214. Opinion Filed June 7, 1927.

Rehearing Denied Oct. 11, 1927.

(Syllabus.)

1. **Appeal and Error—Review—Questions of Fact—Cancellation of Contract.**

In an action by a party to cancel a contract, the findings of the court thereon will not be disturbed by this court on review unless such findings are clearly against the weight of the evidence.

2. **Oil and Gas—Election of Remedies—Action by Assignor of Lease Against Assignee for Damages for Breach of Contract not Bar to Action to Cancel Contract.**

Where a contract is made between the assignor and assignee of an oil and gas lease, and such contract imposes an obligation