## MATTHEWS v. MORGAN et al.

No. 15192. Opinion Filed April 19, 1927.

Rehearing Denied Oct. 11, 1927.

(Syllabus.)

**Judgment—Scope of Inquiry on Collateral Attack.**

On collateral attack against the judgment of a court of record, when fraud is absent and all necessary jurisdictional facts existed · in the court rendering the judgment attacked, the court on such collateral attack has no right to inquire, determine, and adjudge as to the existence in the original action of quasi jurisdictional facts or facts constituting a cause of action, and this is true even though upon the face of such judgment itself it appears that the court in the original action had erred both·in fact and in law as to the existence of such facts and the right of the parties to the relief granted.

Error from District Court, Grady County; Will Linn, Judge.

J. W. Clark and Linebaugh & Pinson, for plaintiff in error.

J. B. Dudley, for defendants in error.

RILEY, J. Plaintiff in error was plaintiff below. She was a minor and a member of the Choctaw Tribe of Indians. The land involved was allotted to her by reason of her enrollment as a member of said tribe. T. A. McManus was regularly appointed her guardian, and as such instituted proceedings in the county court of Atoka county for a sale of the land in controversy. As grounds for the sale of the said land the guardian alleged in his petition in the county court that:

"* * * That the annual income therefrom is approximately $no; that said real estate · is incumbered to the amount of $no, with an annual interest charge of $no; that the annual expense chargeable against the estate of said ward for maintenance and education is approximately $60; that it is best and beneficial that the hereinafter described portion of said estate should be sold for the following reasons, to wit: For the purpose of reinvestment in more desirable land. The land to be sold is described as follows. * * *" (C.-M. p. 143.)

Pursuant to the petition so filed, the said county court entered its order authorizing

the sale of said lands, which order is in part as follows:

"* * * The court finds that the sale of the real estate belonging to said ward—mentioned in said petition and hereinafter described—is necessary for the purpose of reinvestment in more desirable land, and is for the best interest of said ward. * * *"
(C.-M. pp. 132-161.)

As authorized by the said decree the guardian sold lands to defendant Morgan at private sale and made proper return, and thereafter the said county court entered an order confirming the sale, and the guardian's deed thereto was executed, delivered, and recorded in Grady county, where the land was situated. Subsequently the grantee therein conveyed to the other defendants, who are now record owners of the title.

Plaintiff instituted the instant action in ejectment and for rents and profits and coupled therewith an action to quiet title and for cancellation of the said guardian's deed. The district court rendered judgment in favor of defendants and against plaintiff, from which the latter appeals.

It is agreed that the action in the district court is a collateral attack upon the judgment of the county court of Atoka county. No fraud is charged to have been practiced by the guardian, the purchaser, or by the court. The plaintiff admits that the guardianship proceedings were regular and lawful and properly before the county court of Atoka county.

Plaintiff contends that the petition to the county court for the sale of the lands failed to state a cause of action, and that the same affirmatively discloses that no cause of action existed for the sale, and, therefore, that the order of sale is wholly void, and that there is but one issue before this court, that is, as to whether the guardian's deed is valid or invalid.

In Abraham v. Homer, 102 Okla. 12, 226 Pac. 45, this court determined the issue here presented in the following language:

"We now inquire whether under our statutes the statement in a petition for the sale of a minor's real estate that it is for the best interest of a minor to sell his real estate and invest the proceeds thereof in other real estate. is sufficient to constitute a cause of action for such sale. It is provided in section 1476, Comp. Stat. 1921, that same may be sold in case 'it appears necessary or for the benefit of the ward.' No limitations other than the natural interpretation of these words appear in the statute. These provisions must be construed and interpreted in connection with sections 1466 and 1467, Comp. Stat. 1921. There it is provided that such real estate may be sold, first, when of necessity the proceeds should be used for maintenance and education, and second, when expedient for investments therein named. All these provisions of sections 1466, 1467, and 1476, in turn must be construed and interpreted in connection with the provisions of section 1482, Comp. Stats. 1921, where it is provided that 'the county court * * * may require the guardian to invest the proceeds of sales in real estate or in any other manner most to the interest of all concerned therein.' If without doing violence to the language we can give all four of these sections a construction harmonizing them with each other, and permit each section and phrase therein to remain effective and serve some useful intended purpose, it is our duty so to do under all recognized rules of statutory construction.

"Under our statutes the causes of action expressly provided by the statutes themselves, constituting grounds for the sale of a minor's personal estate, are identical with the grounds and reasons therein provided for the sale of a minor's real estate, and in so far as is concerned the necessity or intended use of the proceeds of the sale, reasons for selling the one constitute fully as well statutory reasons authorizing the sale of the other. Therefore, if a minor's real estate can be sold only for the purposes specified in sections 1466 and 1467, supra, then personal estate can be sold for those purposes only, and neither can be sold for the purpose of investing 'in real estate.' as is specifically authorized by section 1482, supra. or for the purpose of investment in any other manner most to the interest of all concerned therein, as is also recited therein. Such a construction of section 1476, supra, would leave lifeless and meaningless the phrase contained in section 1482, supra, authorizing the 'proceeds of sales' to be invested in real estate. This is true, because under such a construction there could be no sales of any kind where the proceeds would be available for such purpose. This would be the result unless we hold it to have been the absurd intention of the lawmakers to say to a county court: 'You cannot sell personal or real estate to buy other real estate, but you can sell same for another purpose. and then forthwith disregard and disobey your solemn judgment to that effect and buy real estate with the proceeds of the sale if you desire so to do.' It is our opinion that the lawmakers intended to affirmatively declare that facts provided in sections 1466 and 1467, supra, should constitute causes of action for the sale of both personal and real estate of a minor, and that any other facts, which in the language of section 1476, to the county court make it appear 'necessary or for the benefit of the ward' should constitute additional causes sufficient to authorize such a

sale. There is no recital in section 1466 or 1467 that the causes for sale of real estate should be exclusive of all other causes, and construing the whole act together, the contrary intention appears. This theory is given further support by section 1471. Comp. Stats. 1921, where it is provided that when a petition for an order of sale is filed, the court must order a hearing thereon, if it appears 'to the court, from the petition, that it is necessary or would be beneficial to the ward that the real or personal estate, or some part of it, should be sold.' Had the lawmakers intended to limit the sale to the causes contained in sections 1466 and 1467, supra, they could have well used more appropriate expressions than these."

See, also: Nolan v. Jackson, 107 Okla. 163 231 Pac. 525; Cook v. Speak, 104 Okla. 5, 229 Pac. 1083; Luker v. Masterson, 109 Okla. 75, 234 Pac. 727; Ammerman v. Karnowski, 100 Okla. 156, 234 Pac. 775; Harrell v. Prairie Oil & Gas Co, 8 Fed. Rep. (2nd Series) 239.

Upon the reason and authority of the cases herein mentioned, and by reason of the stare decisis rule, in that the Abraham-Homer Case, we think, has established a rule of property, the judgment of the trial court is affirmed.

BRANSON, C. J., MASON, V. C. J., and HUNT and HEFNER, JJ., concur. PHELPS and LESTER, JJ., dissent. HARRISON, J., absent, not participating. CLARK, J., disqualified, having participated below.

Note.—See 34 C. J. p. 560 §860.