## STEIL v. LEVERETT.

No. 18203.  Opinion Filed July 31, 1928.

Rehearing Denied Dec. 18, 1928.

Robert F. Blair, for plaintiff in error.

Biddison & Hays, for defendant in error.

RILEY, J.  On August 29, 1923, Joe Leverett, a minor Creek freedman, acting by his guardian, S. T. Walker, and through his then attorneys of record, filed in the district court of Tulsa county, his petition seeking to recover from plaintiff in error, Matt Steil, 80 acres of land described and located in the edge of Sand Springs. The minor's action was based on alleged irregularities in the probate proceedings whereby the defendant below, Matt Steil, had purchased the land.

Matt Steil, as defendant, answered that he had bought the land at judicial sale on December 1. 1908, and that he was an innocent purchaser for value without notice of any defect, and he pleaded his title.

On January 11, 1926, the cause came on for trial. The plaintiff requested a continuance, but filed no affidavit or motion therefor. The court denied a continuance, whereupon the attorneys for plaintiff withdrew from the case. Whereupon the court dismissed plaintiff's petition for failure to prosecute. The defendant waived a jury, submitted to the court the pleadings and evidence, and the court found that the plaintiff owned no right, title, or interest in or to the land in controversy, but that Matt Steil was the owner in fee, in rightful possession thereof, and the title was quieted in defendant.

On January 14, 1926, plaintiff filed a motion for new trial, which motion was denied on January 30, 1926. Whereupon plaintiff gave notice of intention to appeal. There was no appeal perfected, but on June 30, 1926, Joe Leverett, an incompetent, through his guardian, S. T. Walker, filed his petition in this cause to set aside the judgment rendered.

The defendant demurred to the petition. The trial court overruled the demurrer and the defendant elected to stand thereon and judgment was rendered for plaintiff setting aside the judgment of January 11, 1926, and allowing the plaintiff to proceed in said cause for the recovery of said land and damages. From which defendant Matt Steil appeals.

We observe that the substance of the petition to vacate the judgment is classified under the following grounds:

"1.  Unvoidable casualty and misfortune which prevented plaintiff from prosecuting his action, in that plaintiff then under a disability of minority only could not have his guardian, S. T. Walker, present to help him try his case. That in December, S. T. Walker inquired of his attorney if it would be safe for him to leave the city and they told him it would be, and on December 23, the said Walker went to San Diego, Cal.; that on January 9, 1926, he received a telegram from his wife telling him the case was set for trial on the 11th; that he answered, asking if the case could be continued, and that on the following day he received a telegram stating that it was all right and was not necessary for him to be here; that attorneys for plaintiff were unable to locate, with diligence. the whereabouts of S. T. Walker or Joe Leverett or his father and mother, Gus Leverett and Bell Leverett, they being out of the city; and that plaintiff's attorneys were present in court and withdrew as attorneys in the case and left plaintiff without counsel on the day said judgment was rendered.

"2.  On the further ground of newly discovered evidence, the same being the original files of the county court of Wagoner county, wherein this land was sold, which files, plaintiff and his attorneys and guardian could not locate; that plaintiff, his attorneys

and guardian did not have any of said original files so that they could introduce the .same as proof on January 11, 1926, and that said evidence would change the outcome of the case.

"3. That it became impossible to make a case-made or perfect an appeal from the judgment of January 11, 1926, for the reason that said newly discovered evidence was not discovered during that term of court and no record had been made or witnesses produced on behalf of plaintiff.

"4. That said judgment and order dismissing plaintiff's petition and rendering judgment against him and for defendant constituted erroneous proceedings against an infant and person of unsound mind and an incompetent whereof nothing appears of record and now that he has reached his majority he cannot appeal, and hence he is entitled to have the district court review the case and give him judgment for the land."

To this petition defendant filed his demurrer and urged that no other and different judgment could be entered in the cause upon the records of proceedings which resulted in the judicial sale, copies of which records were attached to plaintiff's petition as exhibits.

The chief contention here presented is whether the minor or incompetent is bound by the judgment rendered. It must be remembered that the minor, by his legal guardian, brought this original suit to recover the lands. The defendant denied the plaintiff's title and set up his own as acquired through the probate proceedings in Wagoner county. The defendant's prayer was "to confirm and quiet the title to said lands in this defendant."

In Kingsbury v. Buckner, 134 U. S. 650, 35 L. Ed. 1047, the Supreme Court of the United States held that where an infant brings suit to recover real property and defendant files answer and cross-bill claiming said property, the infant is in court for all purposes without further service and that he is bound by any judgment the court may render against him until set aside on appeal.

Balbridge v. Smith, 76 Ok'a. 38, 184 Pac. 153, holds to the same effect. See, also, Sawyer v. Ware, 36 Okla. 139, 128 Pac. 273; Manfull v. Graham, 55 Neb. 655, 70 Am. St. Rep. 412; Gray v. Winder, 77 Cal. 525, 20 Pac. 47.

Now the question of the binding force of the judgment existing is of paramount importance in this case, for the other grounds are unavoidable casualty and misfortune—

based upon plaintiff's absence from court and his attorneys' withdrawal—but such allegations or facts are not sufficient to warrant serious consideration. There was no unavoidable casualty or misfortune pleaded and no excuse for plaintiff's absence, nor for the attorneys quitting the case, and the error of attorneys is imputed to the client. No citations are necessary upon these points, but some are as follows: Wagner v. Lucas, 79 Okla. 231, 193 Pac. 421, on neglect; Richardson v. Scott, 122 Okla. 125, 251 Pac. 482; diligence; Vincent v. Kelly, 121 Okla. 302, 249 Pac. 942, imputing acts of attorney to his client; Foltz v. Deshon, 122 Okla. 42, 249 Pac. 358.

There was no allegation of fact against the judgment sought to be set aside aliunde the record whereby fraud was asserted either in fact or in law. Crabtree v. Bath, 102 Okla. 1, 225 Pac. 924; Tiger v. Drumright, 95 Okla. 174, 217 Pac. 453; Luker v. Masterson, 109 Okla. 75, 234 Pac. 727; Abraham v. Homer, 102 Okla. 12, 226 Pac. 45; Johnson v. Furchtbar, 96 Okla. 114, 220 Pac. 612; Atkinson v. King, 93 Okla. 37, 219 Pac. 914; Bowling v. Merry, 91 Okla. 176, 217 Pac. 404; Hathaway v. Hoffman, 53 Okla. 72, 153 Pac. 184; Landrum v. Ross, 113 Okla. 275, 240 Pac. 1060; Scott v. Gypsy Oil Co., 112 Okla. 14, 239 Pac. 887.

There was no cross-petition filed by Matt Steil to the original action when Leverett was plaintiff, and the fact that title was quieted in defendant Matt Steil upon his proof seems to us immaterial, for had Leverett instituted the suit and merely been denied judgment as plaintiff it would seem the judgment as to him would have been binding and res adjudicata.

Since the minor was plaintiff in his action and represented by his legally appointed guardian, it would seem that the requirement of section 216, C. O. S. 1921, that "the defense of an infant must be by a guardian for the suit," would not be indispensable. This for the reason that the minor brought the action, sought relief, was the movant and failed to secure judgment. Since the judgment that plaintiff take nothing would be binding upon the minor, it would seem that the quieting of title in defendant would be mere surplusage. If the judgment rendered was erroneous, the plaintiff had a right of appeal. Those alleged errors were presented in motion for new trial.

In the case of Kingsbury v. Buckner, supra, there was quoted from Lord Hardwick, the rule:

"It is right to follow the rule of law where it is held an infant is as much bound by judgment in his own action, as if of full age and this is general unless gross laches or fraud and collusion appear in the prochein army; then the infant might open it by a new bill."

Herein no fraud is asserted as against the judgment wherein the legal guardian brought the action which terminated in judgment against him.

There should be an end to litigation, and the judgment made and entered January 3, 1927, from which this appeal is perfected, is reversed.

MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, and HEFNER, JJ., concur.